HERGENROTHER *v.* STATE OF INDIANA.

[No. 27,051.  Filed January 31, 1939.]

*Edward Crabtree* and *Benjamin Zeig*, for appellant.

*Omer S. Jackson*, Attorney General, and *James K. Northam*, Deputy Attorney General, for the State.

ROLL, J.—Appellant was convicted of the crime of robbery while armed, upon an amended affidavit. The error assigned is the overruling of his motion for a new trial. The first proposition relied upon, questions the correctness of instruction No. 15, given by the court of its own motion. This instruction stated that:

> "Evidence has been given in this cause to the effect that the defendant was present at the scene of other robberies a short time before and a short time after the commission of the alleged robbery on which the defendant is being tried. . . ."

The instruction further stated that the evidence could not be considered in determining the guilt or innocence of the defendant but for the purpose only of showing the identity of the defendant.

Appellant objects to that part of the instruction which told the jury that evidence had been given to the effect that the defendant was present at the scene of robberies after the commission of the alleged crime upon which he was being tried; for the reason that there was no evidence that defendant was present at the scene of any robbery after the commission of the crime charged. There was some evidence that appellant was at the scene of other robberies before the commission of the crime charged, but no evidence whatever that any robberies were committed after the one alleged in the affidavit, or that appellant was at the scene of any robbery thereafter.

Appellant contends that this instruction assumes a fact in reference to which there was no evidence, and invades the province of the jury and is therefore clearly erroneous.

The rule appellant relies upon has no application to .

the one presented by this instruction. The fact assumed to exist by this instruction was neither a material fact nor was it a fact the jury was required to find from the evidence. While the instruction was inaccurate and told the jury that there was evidence introduced which was not, yet the jury could not have been misled by such a statement by the court and consequently no harm came to appellant by reason thereof. Neither did the court assume that a fact upon which there was conflicting evidence had been proven. So the instruction does not present such a state of facts as would fall within the prohibition of that rule. We find no reversible error in instruction No. 15.

The second proposition complained of relates to the admission of certain evidence. The state's witness, James Kirkwood, who was in the automobile with appellant on the night of the alleged robbery, was permitted to testify over the objections of appellant, in substance, that he and appellant entered a restaurant at Eighth and Ingle streets in the city of Evansville and robbed it, prior to, but on the same night of the alleged robbery of the filling station, upon which appellant was on trial, was committed. Also the same witness was permitted to testify that appellant, on the night previous to the commission of the robbery charged, entered the home of one William H. Sandefur and robbed him of some twelve dollars; also the witness was permitted to testify to the effect that appellant, on March 5th, three nights prior to the alleged robbery, entered another house for the purpose of robbery. Other witnesses were permitted to testify in corroboration of the evidence given by the witness, James Kirkwood. The admissibility of this evidence constitutes the burden of appellant's brief.

Appellant says that the evidence tended to prove him guilty of three separate, distinct and independent of-

fenses, unrelated to the offense with which he was on trial.

Appellee admits the general rule, which is to the effect that evidence of a separate, independent and distinct crime from that which is the subject of judicial inquiry in a criminal trial is inadmissible; but contends that there is a well recognized exception to this general rule, and that the evidence to which appellant objected comes within this exception, and was properly admitted. We quote from page 7 of appellee's brief:

"1. It is conceded that the general rule of evidence applicable to criminal trials is that the state cannot prove against a defendant any crime not alleged in the indictment, either as a foundation for a separate punishment, or as aiding the proofs that he is guilty of the crime charged. Although this general rule is universally recognized, the exceptions to it are just as firmly fixed in our law. The exceptions to the general rule cannot be stated with categorical precision, but generally speaking, evidence of other crimes is competent to prove the specific crime charged, when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proving of one tends to establish the others; (5) the identity of the person charged with the commission of the crime on trial."

In the case of *Gears* v. *State* (1931), 203 Ind. 380, 382, 383, 384, 180 N. E. 585, this court fully considered the question of the admissibility of evidence of other crimes. The following excerpt from that opinion clearly states the rule of this court on that subject:

"Appellant's second proposition is as follows: 'Having admitted evidence of theft of chickens on July 3, 1925, as charged in cause No. 25,154 . . . it was error to admit evidence of distinct and separate crimes at other times.' In support of this proposition, the appellant urges that 'the proof of

other offenses or occurrences of similar nature is permissible only where the motive, intent or guilty knowledge of the defendant is in issue, or perhaps to identify the defendant.' In *Zimmerman* v. *State* (1921), 190 Ind. 537, 130 N. E. 235, 237, Myers, J., speaking for this court, after recognizing the general rule that 'evidence of the commission of entirely separate and distinct offenses cannot be received for the purpose of showing a disposition to commit the crime charged, or that the accused probably committed it,' stated, as equally well established, the following proposition:

" 'But to this rule, from necessity to aid in the detection and punishment of crime, there are many exceptions as firmly fixed as the rule itself. To state the exceptions generally it can be said that, when the act constituting the crime has been established, then any evidence tending to show motive, intent or guilty knowledge, if in issue, or evidence which directly or as a natural sequence tends to show the defendant guilty of the crime charged, is competent, although it also tends to show him guilty of another and distinct offense. *Frazier* v. *State* (1893), 135 Ind. 38, 34 N. E. 817; *Clevenger* v. *State* (1919), 188 Ind. 592, 125 N. E. 41; *Underhill* v. *State, supra; People* v. *Thau* (1916), 219 N. Y. 39, 113 N. E. 556, 3 A. L. R. 1537; *Thompson* v. *United States* (1906), 144 Fed. 14, 16, 75 C. C. A. 172, 7 Ann. Cas. 62; *State* v. *O'Donnell* (1900), 36 Ore. 222, 61 Pac. 892.'

"The opinion also quotes from *People* v. *Molineaux* (1901), 168 N. Y. 264, 61 N. E. 286, 62 L. R. A. 193, to the point that evidence of other crimes is admissible when 'it tends to establish . . . (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; (5) the identity of the person charged with the commission of the crime on trial.'

"The foregoing propositions are supported both by reason and authority. (See cases and annotations in 3 A. L. R. pp. 1535, 1537, 1540; 27 A. L. R. 351, 357; 63 A. L. R. 595, 602.) The subject of admissibility of evidence of other offenses was discussed at length in the Ohio case of *Whiteman* v. *State* (1928), 119 Ohio St. 285, 164 N. E. 51, 63

A. L. R. 595. The following excerpts are from that case:

" 'In its last analysis the problem is one of relevancy. In all cases, civil and criminal, evidence must be confined to the point in issue and must be relevant to the issue,' etc.

" 'The mere fact that testimony is logically relevant does not in all cases make it admissible. It must also be legally relevant. A fact which in connection with other facts renders probable the existence of a fact in issue may still be rejected, if in the opinion of the judge and under the circumstances of the case it is considered essentially misleading or too remote. The problem in the instant case is to determine whether the testimony of other offenses is too remote, or whether it is more likely to mislead and bring about the conviction of the defendants because of their participation in other crimes, rather than because of their participation in the crime charged in the indictment.'

"There is no reason why a court should admit evidence of offenses that are entirely unrelated to the offense for which a defendant is on trial. But we have a different problem when the relation which exists between other offenses and the one under investigation is such that evidence of defendant's participation in the other offenses is also evidence tending to show that defendant is guilty of the offense charged.

" 'It is only on rare occasions that proof of the commission of another crime by a defendant is either necessary or helpful towards establishing the crime with which he is charged. Hence, the evidence is ordinarily irrelevant, while at the same time its admission would necessarily operate to so prejudice a jury against a defendant as that in a doubtful case it might control the verdict. . . . But it has never been held by any court of responsible authority that the People cannot prove the facts constituting another crime, when those facts also tend to establish that the defendant committed the crime for which he is on trial. Such a holding would accomplish the absurd result of permitting a rule intended to prevent a defendant from being prejudiced in the eyes of the jury because of his life of crime to so operate in certain cases as to prevent the People from proving the facts necessary to con-

vict him of the crime charged.' Parker, C. J., in *People* v. *Molineaux* (p. 340), *supra.*

"We consider that this court has adopted, and correctly so, the rule that evidence of the commission of other offenses is admissible, not only to negative an innocent intent, but also to prove that the defendant committed the act constituting the crime with which he is charged; and this evidence is admissible for the latter purpose either because it tends to identify the defendant as the perpetrator of the offense or because it shows a scheme or plan on the part of the defendant to commit a series of offenses one of which is the offense in question. The admissibility of the evidence relating to other offenses presents a question for the sound discretion of the trial court, guided only by very general standards or tests. Wigmore, in his treatise on evidence, states, as an axiom of the law of evidence that 'all facts having rational probative value are admissible, unless some specific rule forbids,' that in our system of evidence, the rules of exclusion are, in their ultimate relation, rules of exception to a general admissibility of all that is rational and probative. The learned author explains that this principle does not mean that everything that has probative value is admissible; but that 'the true meaning is that everything having a probative value is *ipso facto* entitled to be assumed to be admissible, and that, therefore, any rule of policy which may be valid to exclude it is a superadded and abnormal rule'; and that 'these rules of policy appear as merely so many reserved spaces in the vast territory of logically probative material.' Wigmore, Evidence, §10."

It will be noted that the evidence of the separate and distinct offenses failed to show any similarity in the method used that would in any way tend to prove  that the person who committed those crimes was the same person who committed the robbery laid in the affidavit. Under the facts and circumstances of this case they point to the witness Kirkwood, who accompanied appellant in the commission of each of them, just as strongly as to appellant. We can not see any relevancy, or probative force whatever in the evi-

dence objected to. It did not tend to prove any essential element of the crime charged, and could have but one purpose and effect, and that was to prejudice the appellant in the minds of the jury.

The third and last proposition relied upon by appellant relates to the overruling of his written motion for a continuance, filed at the close of the State's case in chief, and the reasons given in said motion were that the State had introduced evidence attempting to prove that this defendant had committed other crimes wholly independent of that for which he was on trial; that he was not guilty of the offense mentioned in the State's evidence, and that he had not participated in any of said other offenses and knew nothing of them, and that he first learned of the facts when the State, in its case in chief, introduced evidence thereof. That the defendant is now and has been since his arrest confined in jail and, for that reason, he nor his attorney has had any opportunity to investigate said other offenses and prepare his defense to the same; that appellant believes that if he is given thirty days' time that he could prepare his defense and can secure competent witnesses and testimony which will prove that this defendant has not committed or been connected in any way with said other alleged offenses as claimed by the State. This motion was overruled.

The record shows that James Kirkwood was the only witness who connected appellant with the crime charged in the affidavit. By his own admissions he was an accomplice of the defendant and had been convicted and served time for crime on several occasions. Evans Peak, the attendant of the filling station, testified that appellant was not the person who held him up and robbed him on the night of March 8, 1937, but that James Kirkwood was the person. The evidence on the part of the State, to say the least, is very unsatisfactory. However, it may be that under the rule of law,

that this court will not weigh the evidence, if there is any competent legal evidence to support the verdict, yet we think the entire record is proper for this court to consider in determining the question presented by this motion for a continuance. The motion shows that appellant had been confined in jail at all times since his arrest and that he knew nothing of the collateral or independent crimes testified to by James Kirkwood, until the witness took the stand and gave his testimony. He was then for the first time confronted with the charge that he had committed other crimes, not mentioned in the affidavit, and of which he had had no warning and no opportunity to disprove. It was said by this court in the case of *Petro* v. *State* (1933), 204 Ind. 401, 409, 410, 184 N. E. 710:

> "The first question presented is: Did the court err in overruling the motion for a continuance? Every defendant in a criminal case is entitled to a fair and impartial trial and sufficient time for him and his attorneys to prepare his defense. In this case the defendant was charged with a crime which carried with it a life sentence. He denied the charge, pleaded not guilty, and was put upon trial before a jury on the 4th day after his arrest. The appellee contends that the appellant has presented no cause for reversal because of the refusal of the court to sustain his motion for a continuance, and bases his brief and argument upon the proposition that the appellant has not brought himself within the provisions of section 2250, Burns 1926. It seems to us that appellee has misconceived the purpose of the motion and affidavit for a continuance filed by the appellant. The primary purpose of the motion, as we construe it, was for the purpose of securing a continuance of the trial in order to give him and his attorneys time to prepare his defense. He specifically states in the affidavit that 'the affiant (the defendant) has been unable to make preparation for his defense . . . and is wholly unprepared to go to trial. That the interest of justice requires that this cause be continued to give the affiant an opportunity to prepare for trial and to secure the names of witnesses who can testify in his behalf so that

he can make an adequate defense against the charges therein. That if this cause is continued until the May Term of this Court that the affiant will be by said time able to make proper preparation for his defense . . . and that he will be able to secure the names of witnesses by whom he will be able to show that he is not guilty of the crimes against him.' And to the same effect is the affidavit of his attorney, George W. Long, and A. T. Conner. Section 2250 Burns 1926, enumerates what is necessary to have a continuance of a trial on account of 'absence of evidence' and 'absent witnesses,' but we are dealing here with an affidavit for continuance because the defendant and his attorneys have not had sufficient time to prepare his defense, and this he is entitled to.

"In 16 Corpus Juris, §815, p. 449, we find the following: 'Every person accused of crime and his counsel are entitled to a reasonable time in which to prepare for trial after an accusation of crime is made; and a failure to afford this right is neither consonant with a sense of justice nor a fair and impartial administration of the law.' In the footnote No. 59, on the same page, the following language is used: 'A trial is a farce—indeed, is no trial at all, if the defendant be not given an opportunity to prepare for trial—which is another way of saying "an opportunity to be heard." . . . It goes without saying that the right to a trial without an opportunity to prepare for it is an idle, a fatuous thing.' 8 R. C. L. §21, p. 67.

"We are of the opinion that the court abused its discretion in refusing to sustain defendant's motion for a continuance in view of all the facts set out in the affidavits and motions of the appellant and his attorneys."

We think the facts presented in this case come within the language used in the above excerpts, and that the court abused its discretion in not granting to appellant a reasonable time to prepare his defense.

Cause reversed with instructions to the trial court to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.