TRESENRITER *v.* STATE OF INDIANA

[No. 28,115.   Filed January 10, 1946.]

*Claude B. McBride,* of Jeffersonville, for appellant.

*James A. Emmert,* Attorney General, and *Frank E. Coughlin,* First Assistant Attorney General, for the State.

RICHMAN, J.—Appellant was convicted of the offense of automobile banditry as defined in § 10-4710, Burns' 1942 Replacement, and given a determinate sentence of 10 years. The felonious acts charged were the larceny of two rear-wheel automobile skirts of the value of $35.00 and using an automobile to escape from the scene of the crime. His counsel thinks he should have been charged with a less serious offense. This was a matter for the prosecuting attorney to decide.

The only error assigned is overruling a motion for a new trial. It is not now contended that the verdict was not sustained by sufficient evidence or was contrary to law, though such specifications were contained in the motion.

There is no merit in appellant's contention that a juror was not qualified because he was not a householder. The question is not properly presented but if it were, the juror's own ,affidavit, which the trial court had a right to believe, is sufficient to show that he was a householder.

The other questions briefed have to do with admission of testimony concerning chattels found in appellant's

automobile and their exhibition to the jury. There was evidence that one skirt was taken soon after 10 P.M. and the other about 11 P.M. on January 3, 1945. Appellant was arrested about 11:35 P.M. and his automobile taken into custody. In its trunk officers found the skirts, two rear-vision mirrors, a 100 pound bag of sugar and other chattels. Testifying in his own behalf he contended that he had loaned his car to another the night of the crime and had not been absent from a certain gambling house from 10:00 to 11:30 o'clock.

He was cross-examined about the bag of sugar. Objection was on the ground that it had not been introduced in evidence and had nothing to do with the case. Since the specific inquiry to which the objection was made was whether the police officers had questioned him about the sugar, obviously the objection was not well grounded. Answering the inquiry, he denied such questioning by the police. The cross-examination was continued over similar objections and he later admitted that the police had talked to him about the sugar. He testified that he had bought the sugar for $3.00 and knew it was in his car. The jury was informed by the judge that this testimony was "admitted to show his credibility as a witness." With this limitation upon the evidence, certainly there was no error in its admission.

In its case in chief the State produced a witness who identified the mirrors as belonging to him and having been attached to the outside of his car from which they were stolen December 23, 1944, while the car was parked on the same lot that was the scene of the theft of January 3, 1945. To this testimony appellant objected on the ground that it was an attempt to prove another and different offense. He relies

upon *Todd* v. *State* (1869), 31 Ind. 514; *Bonsall* v. *State* (1871), 35 Ind. 460; and *Dunn* v. *State* (1904), 162 Ind. 174, 70 N.E. 521, as holding that there was error in overruling his objection. The cases are not in point. The applicable rule is stated in *Smith* v. *State* (1939), 215 Ind. 629, 21 N.E. (2d.) 709, as follows:

"It has been uniformly held that when the act constituting the crime has been established, then any evidence tending to show motive, intent, or guilty knowledge, if in issue, or any evidence which directly or, as a natural sequence, tends to show the defendant guilty of the crimes charged, is competent although it tends to show him guilty of another and distinct offense. It is the probative value of such evidence to prove the crime charged that makes the evidence admissible and not the fact that it proves or tends to prove the defendant guilty of other crimes."

There was already in evidence the testimony of several persons who had seen appellant's car on the lot at least twice that night, one of whom had read the license number and given it with a description of the car to the police, this leading to appellant's arrest. Appellant had been identified by the witnesses as the driver of the car but their ability to make the identification was questioned on the ground that the electric lighting of the lot was inadequate and they were too far away. It had also been shown that appellant admitted ownership of the car in which the stolen skirts were found. The presence of the mirrors in the same trunk, stolen in the same manner and from the same lot 11 days earlier, tends to show a plan of operation devised by the same person. While appellant was not charged with stealing the mirrors, they were in his possession under circumstances hard to explain consistently with his innocence. It is reasonable to believe that the same person committed both

thefts and the presence of all the stolen articles in the trunk of the same car tends to identify its owner and driver as the thief. We find no error in the admission of this testimony. See *Anderson* v. *State* (1941), 218 Ind. 299, 32 N. E. (2d) 705.

The judgment is affirmed.

Note.—Reported in 64 N. E. (2d) 295.