LOVELESS *v.* STATE OF INDIANA.

[No. 29,853. Filed May 17, 1960.]

*Jack N. Van Stone, Rice & Van Stone* and *Larry W. Shreve,* all of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, *Richard M. Givan,* Assistant Attorney General, *Richard C. Johnson,* Deputy Attorney General, and *Fred C. Mock,* Prosecuting Attorney, 2nd Judicial Circuit, for appellee.

ARTERBURN, C. J.—The appellant, Gerald D. Loveless, was charged by amended affidavit with two other co-defendants, Carroll Nelson and Ronald Brewster, with the crime of second-degree burglary. (Acts 1941, ch. 148, §4, p. 447, being §10-701(b), Burns' 1957 Repl.) Nelson and Brewster pleaded guilty. The appellant was tried by jury and found guilty as charged. He was sentenced accordingly.

Appellant's sole assignment of error is the overruling of his motion for a new trial which contains twenty-nine separate specifications. We need not set these out separately, since they may be grouped under two general headings, namely (1) claimed error because of the introduction of evidence of crimes other than that with which the appellant was charged and convicted,

and (2) alleged misconduct on the part of the prosecuting attorney because of an attack made upon the personal character of appellant's counsel.

Appellant was charged with burglarizing what was known as the Ritchie Service Station in Warrick County, Indiana. The State, over the objections of the appellant, introduced evidence with reference to prior burglaries of the Miller Hardware Store at Elberfeld, Indiana, the Rollin Inn Truck Stop at Somerville, Indiana, the Nelson Service Station, near Winslow, Indiana and the McCandless Grocery near Arthur, Indiana. The appellant strenuously objected to the introduction of this evidence of other crimes alleged to have been committed by the appellant, stating:

"Now again if it pleases the Court, I'm objecting to the introduction of this evidence because at this particular time there is no way that they have shown any connection between this defendant and that burglary, and of course I again renew my objection to proof of independent crimes which is not charged."

At another point the objection states:

". . . We were not aware of the fact that evidence connecting him with any other burglaries would be produced. It comes to us as a complete surprise. We are wholly unprepared to meet those charges. We believe if given time we will produce evidence to refute anything that this man testifies about those burglaries, so at this time I'm interposing an objection to the question, and in the event that the Court overrules me I'm asking for a continuance of this cause and give us sufficient time to meet the charges that are produced in Court without any warning on the part of the State's—the Prosecuting Attorney for the State of Indiana."

The co-defendants, Brewster and Nelson, took the stand for the State and testified that the appellant

waited in the car outside the Ritchie Service Station while they burglarized the place, and that he had urged them to engage in such burglaries, including those named above, and that he would dispose of the stolen property at his place of business.

The State's main contention seems to be that this showed "a common scheme or plan" among the appellant, Brewster and Nelson, to burglarize various places.

If this be true, it seems to us that "a common scheme or plan" such as that claimed by the State, would present a crime of conspiracy and such a crime could have been properly charged. Under such a charge the full scheme and plan could have been developed in the evidence. Under a charge of conspiracy the appellant would have been properly advised and informed of the nature of the charge against him. The case of *Durke* v. *State* (1932), 204 Ind. 370, 183 N. E. 97 is very informative upon this point.

The State further contends that some of the property taken at each one of the burglaries was found at appellant's place of business and therefore evidence of the burglary was material and relevant in explaining possession of such property. For example, a hand-brace taken from the Miller Hardware Store was found at appellant's place of business; a ratchet with the initials "R. R." taken from the Ritchie Service Station was also found at the same place; some tires taken from the Nelson Service Station were found at the Loveless Truck Stop. Evidence that the appellant had property belonging to third parties in his possession at the time he also possessed property taken in a burglary from the Ritchie Service Station, with which he was specifically charged, would have no materiality in the case unless evidence of other crimes in which that

property was taken was competent for some proper reason.

The general rule is that one crime cannot be proved in order to establish another distinct crime even though they be of the same kind. Such evidence is highly prejudicial. Moreover, a defendant is entitled to be informed specifically of the crimes charged and not come to trial in the dark and uninformed as to the nature of the evidence to be presented against him. 1 Ewbank's Indiana Criminal Law, Symmes Ed., §384, p. 236; *Hergenrother* v. *State* (1939), 215 Ind. 89, 18 N. E. 2d 784; *Sylvester* v. *State* (1933), 205 Ind. 628, 187 N. E. 669; *Fehlman* v. *State* (1928), 199 Ind. 746, 161 N E. 8. There are certain exceptions to this general rule. Among these are cases where a crime has certain peculiar characteristics connected with its commission so that it very reasonably identifies the person involved in the commission, as where, for example, a particular type of break-in is involved, or a particular tool used that is identifiable in each case, or where the person involved wears a particular identifying piece of clothing or headgear. *Smith* v. *State* (1939), 215 Ind. 629, 21 N. E. 2d 709; *Crickmore* v. *State* (1938), 213 Ind. 586, 12 N. E. 2d 266; *Zimmerman* v. *State* (1921), 190 Ind. 537, 130 N. E. 235.

It is said in these cases that the purpose of the evidence is to identify the defendant where he denies his presence at the scene of the crime. Where the question of motive or intent has been denied and is made an issue, a series of similar transactions, even though they involve other crimes, may be shown to prove intent, motive or habit. This is particularly true where the charge involves fraud or deceit and the passing of bad checks and such similar practice. *Shneider* v. *State* (1942), 220 Ind. 28, 40 N. E. 2d 322,

Where insanity is an issue in a criminal case, evidence pertinent to that issue is competent, even though it may incidentally show the commission of another offense. *Baker* v. *State* (1921), 190 Ind. 385, 129 N. E. 468. Where the crime involves sexual acts, there seems to be a general exception to the rule that evidence of prior and subsequent sexual acts are admissible if they are not too remote. *Watts* v. *State* (1950), 229 Ind. 80, 95 N. E. 2d 570; *Kallas* v. *State* (1949), 227 Ind. 103, 83 N. E. 2d 769; *Borolos* v. *State* (1924), 194 Ind. 469, 143 N. E. 360.

The rule is that where evidence is competent to prove any material issue on the trial, for example, the identity of the defendant, his intent, motive, habits or sanity which is in dispute, then evidence relevant to that issue is competent and the mere fact that evidence of other crimes may incidentally be revealed by such testimony does not exclude it for that reason alone.

In reviewing the evidence of other crimes introduced in this case we can find no grounds for its admission under the exceptions to the general rule. Just how the burglary of the McCandless Grocery was in any way connected with the burglary of the Ritchie Service Station, the crime charged is not pointed out. The evidence of the burglary of the McCandless Grocery merely shows that a shoe belonging to a co-defendant, Ronald Brewster, was found stuck in the mud near the McCandless Grocery. Such evidence might have been competent after a conspiracy was proved to rob businesses in the general vicinity, but not to prove the guilt of the appellant of the specific charge of burglarizing the Ritchie Service Station.

The State relies heavily upon *Watts* v. *State, supra, Kallas* v. *State, supra* and *Tresenriter* v. *State* (1946),

224 Ind. 10, 64 N. E. 2d 295. The *Kallas* and *Watts Cases* involved sexual offenses, and the exceptions in those cases have been noted. Those cases may be distinguished on that point alone. We point out that in the *Kallas Case* the statement that "where there is a common purpose and design" evidence of other similar crimes is admissible, must be limited to the particular facts of that case, namely, sexual assaults. To use the term "common purpose and design" out of the context of that case would enlarge the general rule to the point where a person could be charged with a specific crime and yet evidence of a general conspiracy involving numerous other crimes be presented at trial, to his surprise and prejudice. It is a constitutional principle that a defendant is entitled to be informed specifically of the crime charged so that he may prepare an adequate defense. Constitution of Indiana, Article 1, Section 13.

The *Trensenriter* Case above falls easily within the exception to the general rule. The defendant denied his identity at the scene of the crime. A witness was produced who identified a mirror stolen from his car while it was parked on the same lot and at the time at which the theft charged took place. This mirror was found in the possession of the defendant. Likewise, on cross-examination, the defendant's credibility was tested by asking him questions with reference to certain other property found in his car.

In the case before us there was no issue as to the identity of the defendant nor any issue made as to his habits, motive or intent. There was no similarity in the manner of the commission of the prior alleged burglaries which would identify the perpetrator. The objection made by the appellant at one point was:

"If it pleases the Court I'm going to object at each succeeding questions. If they're trying to show a pattern certainly prying a door open does not follow any pattern. On the contrary it would tend to show that it's the modus oper and (sic) is different in this Nelson case that it would be in the case at bar. Now they certainly cannot justify proof of this particular instance with the idea that they're showing a pattern and design, if it pleases the Court."

In the trial of this case there was no basis for the admission of evidence of other crimes in which appellant might have been involved under the record before us.

The alleged misconduct of the prosecuting attorney is specified as another ground for new trial. This concerned an alleged personal attack upon the defendant's counsel. It goes scarcely without saying that it is highly prejudicial and unethical for one attorney to attack personally opposing counsel with the hope that he may thereby prejudice the jury against the case of the party represented by such counsel. A court has full power to instantly stop such transgressions and conduct and should exercise it promptly when it occurs.

The misconduct in this case has been denied by the prosecuting attorney. In view of our disposition of this case on another ground, there is no reason for us to review the complaint. We feel sure that there will be no ground for such complaint upon a retrial.

Judgment reversed and a new trial is ordered.

Jackson, Bobbitt, Landis and Achor, JJ., concur.

NOTE.—Reported in 166 N. E. 2d 864.