LAYTON *v*. STATE OF INDIANA.

[No. 30,228. Filed December 28, 1966.]

*James G. Strawbridge* and *Joseph F. Quill*, of Indianapolis, for appellant.

*John J. Dillon*, Attorney General, and *Douglas McFadden*, Deputy Attorney General, for appellee.

JACKSON, J.—Appellant was charged by indictment in two counts; with (1) the premeditated murder of one Orvil Lee Gambrel, and (2) with the murder of Orvil Lee Gambrel while engaged in the perpetration of a robbery.

Appellant entered a plea of not guilty to both counts of the indictment, the cause was thereafter tried by jury, and appellant was found guilty on both counts and sentenced to the Indiana State Prison for life on each count. Thereafter, on November 15, 1961, the court entered judgment on the verdict sentencing appellant to the Indiana State Prison for life on each count and recommending that the two life sentences be served consecutively and not concurrently.

On November 23, 1961, appellant filed his motion for a new trial in said cause. Such motion in pertinent part alleged the two following grounds:

"1. That the verdict of the jury is not sustained by sufficient evidence.

"2. That the verdict of the jury is contrary to law.

Appellant's assignment of errors is the single ground:

"1. The court erred in overruling the appellant's motion for a new trial."

Appellant claims error was committed by allowing the introduction in evidence of offenses other than those with which he was charged and convicted. Two witnesses testified that they had accompanied and assisted appellant in several robberies of service stations and a church. The state contends the evidence was competent as showing a common scheme or plan because the offenses testified to occurred within a two month period preceding the murder charges, because the offenses were committed while armed and because all but one of the offenses involved service stations of the same company.

This court has previously held:

"The general rule is that one crime cannot be proved in order to establish another distinct crime even though they be of the same kind. Such evidence is highly prejudicial. Moreover, a defendant is entitled to be informed specifically of the crimes charged and not

come to trial in the dark and uninformed as to the nature of the evidence to be presented against him. 1 Ewbank's Indiana Criminal Law, Symmes Ed., § 384, p. 236, *Hergenrother* v. *State* (1939), 215 Ind. 89, 18 N. E. 2d 874; *Sylvester* v. *State* (1933), 205 Ind. 628, 187 N. E. 699; *Fehlman* v. *State* (1928), 199 Ind. 746, 161 N. E. 8. There are certain exceptions to this general rule. Among these are cases where a crime has certain peculiar characteristics connected with its commission so that it very reasonably identifies the person involved in the commission, as where, for example, a particular type of break-in is involved, or a particular tool used that is identifiable in each case, or where the person involved wears a particular identifying piece of clothing or headgear." *Loveless* v. *State* (1960), 240 Ind. 534, 539, 166 N. E. 2d 864.

The case at bar does not fit into any of the exceptions. There is no peculiar characteristic common to each of the offenses. The most the evidence of the prior offenses ▆▆▆ tends to show is that the appellant had previously committed armed robbery. Such evidence points to the witnesses just as strongly as it does to the appellant. There is insufficient evidence to show a common scheme or plan to commit murder or even murder in the perpetration of a robbery. These latter offenses require a specific intent. There could have been but one purpose for putting the prior offenses into evidence—to prejudice the appellant in the minds of the jury.

It is unnecessary to discuss the remaining grounds relied upon by the appellant in this appeal.

The judgment of the trial court is reversed and cause remanded with instructions to grant appellant's motion for a new trial.

Arterburn, C. J., and Myers, J., concur. Rakestraw, J., dissents with opinion.

## DISSENT

RAKESTRAW, J.—I must disagree with the reasoning of the majority opinion. I fully agree, of course, that you do not

prove one crime by proving that the defendant committed other crimes. However, if evidence is relevant to prove the crime charged, it is admissable even though it does show that other crimes were committed.

The evidence in this case involved armed robbery committed by the appellant very shortly before the crime charged and involved many identical circumstances. In my opinion, this evidence would be admissible to show the identity of appellant and to show his method of operation in the commission of robberies. The charge in this case does involve murder in the commission of a robbery and it was thus necessary to establish the robbery.

For a discussion of circumstances under which evidence of other crimes is admissible, see: West's I. L. E., Criminal Law, §§ 221-227.

NOTE.—Reported in 221 N. E. 2d 881.