JOHN D. TRINKLE *v.* STATE OF INDIANA.

[No. 572A252. Filed October 24, 1972. Rehearing denied December 5, 1972. Transfer denied May 30, 1973.]

*Forrest Bowman, Jr.,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

ROBERTSON, P.J.—Defendant (appellant), and Donald James Walden, were charged with conspiracy to commit theft by deception of water from the City of Bloomington, Indiana. Both defendant and Walden originally entered pleas of not guilty. However, one day prior to defendant Trinkle's trial, Walden withdrew his plea of not guilty and entered a plea of guilty. Defendant was, thereafter, tried by a jury and found guilty as charged. The trial court entered judgment in accordance with the jury's verdict and subsequently overruled defendant's Motion to Correct Errors from which judgment the defendant brings this appeal.

Defendant's Motion to Correct Errors presents four issues for review:

1) Is there sufficient evidence from which the jury could find defendant guilty of the crime with which he was charged?

2) Did the trial court err in denying defendant's motions for continuance?

3) Did the trial court err in allowing the use of certain rebuttal evidence to which defendant objected?

4) Was the defendant denied a fair trial by reason of the fact that the deputy prosecutor had previously been employed as attorney for defendant?

The statute under which defendant was charged is IC 1971, 35-17-5-3, Ind. Ann. Stat. § 10-3030 (Burns 1956 Repl.), pertinent parts of which read:

> "10-3030. Theft in general.—A person commits theft when he (1) knowingly: (b) obtains by deception control over property of the owner . . . (and) (2) (a) intends to deprive the owner permanently of the use or benefit of the property. . . ."

In challenging the sufficiency of the evidence, defendant concedes that the affidavit with which he was charged is valid. It is further conceded that considering the evidence most favorable to the State, it could be inferred that the defendant and Donald Walden conspired to set back the water meters at South Gate Apartments for the purpose of inducing the City of Bloomington to bill the defendant for less than the full price of the amount of water actually used. However, it is contended that there is a failure of proof in that there is no evidence showing that any deception was employed or intended to gain control over the water. Counsel for defendant states in his brief that because control over water could be obtained by merely turning the tap that no deception was involved in obtaining the property, and if there was any deception it was related to misleading the water company

as to the amount of water used, and not to the obtaining control of water of the City of Bloomington, as charged in the affidavit. Thus, it is argued that the State failed to prove that defendant conspired to *obtain by deception* control over property of the owner.

While the position advocated in defendant's behalf may be valid to the limited extent of saying that defendant initially obtained the water lawfully and without deception,[1] we are unable to agree that this foreclosed the State from proving conspiracy to "obtain by deception control over property." It is apparent from a reading of the statutory definition of the word "obtain" that the legislature did not intend to limit its meaning strictly to the circumstances under which one comes into physical possession of property.

> "(9) 'Obtain' means: (a) in relation to property, to bring about a transfer of interest or possession. . . ." IC 1971, 35-17-5-13, Ind. Ann. Stat. § 10-3040 (Burns 1956 Repl.)

The statute refers not only to the bringing about of a transfer of possession, but also to the bringing about of a transfer of interest. While it may or may not be correct to say that defendant came into possession of the water by deception, there is, nonetheless, substantial evidence in support of the conclusion that defendant conspired to bring about a transfer of interest in the property. Indeed, it would appear that the whole purpose in turning back the water meters, thus avoiding payment for the water used, would be to deprive the water company of its interest in the water and transfer that interest to the defendant. This conclusion is further supported by the statutory definition of the term "deception." Burns § 10-3040, *supra*, provides the following definition, among others, of "deception":

---

1. Although this position is arguable since, as the State points out, it could be inferred from defendant's subsequent acts in directing Walden to turn the water meters back that defendant obtained the water by deception as to his intention to pay for it.

"(3) 'Deception' means knowingly to: . . . (c) prevent another from acquiring information pertinent to the disposition of the property involved. . . ."

It is our opinion that there is sufficient evidence from which the jury could reasonably infer that defendant conspired, in relation to property, to bring about a transfer of interest by knowingly preventing another from acquiring information pertinent to the disposition of the property involved. There being no failure of proof, we find that the evidence is sufficient to support the verdict of the jury upon all necessary elements of the offense charged.

The next issue raised is whether the trial court erred in denying defendant's motions for continuance at the commencement of the trial and immediately after the direct examination of Donald Walden. It is alleged that defendant was denied a fair trial in that a continuance should have been granted because defendant was surprised at the change of plea by his co-defendant, Walden, and was not prepared for effectual cross-examination.

It is a well established rule that the granting of a motion for continuance not based on statutory grounds, as is the case here, is within the sound discretion of the trial court and that petitions for a continuance are not to be favored and will only be granted in the furtherance of justice on a showing of proper grounds. *Miller* v. *State* (1971), 256 Ind. 296, 268 N. E. 2d 299; *Carlin* v. *State* (1970), 254 Ind. 332, 259 N. E. 2d 870; *Calvert* v. *State* (1968), 251 Ind. 119, 239 N. E. 2d 697. We are unable to agree with defendant's argument that the trial court abused its discretion in denying the motions for continuance. The sole authority put forth by defendant in support of this argument is the case of *Hergenrother* v. *State* (1939), 215 Ind. 89, 18 N. E. 2d 784, in which the defendant's conviction was reversed for the reason that the trial court abused its discretion in denying defendant's motion for continuance. The motion for continuance in *Hergenrother*, unlike the case

at bar, was based on the testimony of an accomplice to the alleged commission by the defendant of other crimes wholly independent of that for which he was on trial. It was argued successfully on appeal in *Hergenrother, supra,* that the defendant should have been allowed a continuance in order to prepare a defense to the unrelated offenses of which he had no knowledge. In the instant case, however, the testimony of Donald Walden was related directly to the crime with which defendant was charged. There could be no claim here, as there was in *Hergenrother, supra,* that defendant did not have knowledge of the offense to which the witness testified, or ample time to prepare a defense to the same.

Defendant further alleges reversible error, in that the trial court, over timely objection by defendant, allowed the admission of improper rebuttal evidence. The evidence which defendant alleges to be improper rebuttal is the testimony of Andrew Wright who was called as a State's witness at the conclusion of the defendant's evidence. The witness testified that during the summer of 1967, he had observed his roommate, who was employed by the defendant, tamper with the water meters at the South Gate Apartments. Defendant contends that the admission of this evidence was not proper under IC 1971, 35-1-35-1, Ind. Ann. Stat. § 9-1805 (Burns 1956 Repl.), which directs the order of proceedings in criminal cases. It is the State's position, in regard to this alleged error, that the testimony was proper rebuttal evidence since it was used to contradict the defendant's witness, Sandra Gehr, the General Manager of the South Gate Apartments, who stated on cross-examination that she did not know of any tampering with water meters in the summer of 1967, and if there had been any she would have known of it. We are inclined to agree with the State's argument that the witness' testimony was proper rebuttal evidence, however, even if it is assumed arguendo that the testimony should have been introduced as part of the State's case in chief, we recognize that it is within the sound discretion of

the trial court to permit a witness to testify during rebuttal regarding a matter which is not in rebuttal but is related to the State's case in chief, and the irregularity in so doing will not be treated as reversible error unless the defendant was prevented from presenting rebuttal evidence thereto. *Griffith* v. *State* (1959), 239 Ind. 321, 157 N. E. 2d 191; *Hollowell* v. *State* (1971), 256 Ind. 467, 269 N. E. 2d 755.

It is further contended in behalf of defendant, that the testimony of Andrew Wright was not properly admissible, during either rebuttal or the State's case in chief, for the reason that the acts to which the witness testified were not supported by any evidence connecting them with defendant. Counsel for defendant has failed to cite any authority in support of this argument, while the State has cited the cases *Gears* v. *State* (1932), 203 Ind. 380, 180 N. E. 585, and *Loveless* v. *State* (1960), 240 Ind. 534, 166 N. E. 2d 864, in support of the proposition that as an exception to the general rule as to the admissibility of evidence of separate, independent, and distinct crimes, evidence of prior offenses which tends to show a common scheme or plan is properly admissible. See also: *Meeks* v. *State* (1968), 249 Ind. 659, 234 N. E. 2d 629; *Woods* v. *State* (1968), 250 Ind. 132, 235 N. E. 2d 479; *Watts* v. *State* (1950), 229 Ind. 80, 95 N. E. 2d 570. It is our conclusion that in the instant case the testimony of Andrew Wright tended to show a common scheme or plan, and as such it was properly admitted in evidence.

The final issue raised in this appeal is whether or not the defendant was denied a fair trial by reason of the fact that the deputy prosecuting attorney had previously been employed as attorney for defendant. The evidence reveals that the deputy prosecutor who tried this case had been employed to represent the defendant before the Board of Works of the City of Bloomington, in a dispute over billings for water at the South Gate Apartments. Defendant alleges that the subject matter of the present case was inextricably interwoven with the subject matter of the deputy prosecutor's

previous representation of the defendant, and that by reason of the prior representation, the prosecutor had knowledge of many of the facts which became issues in the subsequent criminal trial. In response to this argument, the State cites *Gajewski* v. *United States* (1963 C. A. 8), 321 F. 2d 261, in which the following viewpoint was expressed on this matter:

> "Certainly it would be improper for a United States district attorney to prosecute a defendant on the basis of facts wholly or partially acquired by the prosecutor through prior professional relations as the accused's private attorney. (Citing authorities). But equally as certain, according to the same authorities, the mere fact that a prosecuting attorney previously represented an accused in a civil matter does not ipso facto require disqualification of the attorney in the criminal proceeding. If there is no substantial relationship between the former civil representation and the present criminal prosecution, and if the prosecutor will not be called upon to use against his former client any confidential knowledge gained through their former association, no prejudice will result to the accused." (Citing authorities). 321 F. 2d, at p. 267.

We concur in the above statement and find it compelling authority for determination of the present issue. In the instant case defendant has failed to provide any proof, beyond the bare allegation, that the deputy prosecutor based the prosecution of defendant on any facts wholly or partially acquired through his prior professional relation as defendant's attorney. Nor has defendant demonstrated that a substantial relationship existed between the prior civil matter and the present criminal proceeding. While both matters may have dealt with water services at defendant's apartments, this fact standing alone is not convincing proof of such a substantial relationship that prejudice could be presumed. Furthermore, defendant has failed to demonstrate that the prosecuting attorney gained any confidential knowledge through their former association, or that he was called upon to use any such knowledge in the present criminal proceeding. Ac-

cordingly, we hold that the deputy prosecutor's participation in this proceeding was not a denial of a fair trial.

The judgment is affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported in 288 N. E. 2d 165.