SAM BROOKS *v.* STATE OF INDIANA.

[No. 1-173A6. Filed June 18, 1973.]

*Joseph B. Barker, Kagan and Barker,* of Martinsville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—The defendant-appellant (Brooks) is appealing his conviction after a trial by jury of Third Degree Burglary and Theft of Property valued at more than $100. He was accordingly fined in the sum of $200 and sentenced to the State Farm for a year on the former count and sentenced to the Department of Corrections for not less than one nor more than ten years on the latter charge.

We agree with Brooks' assertion that reversible error existed in the admission of portions of testimony by two witnesses concerning other criminal acts, purportedly committed by Brooks. This testimony consisted of statements regarding other thefts committed and the articles taken.

The trial judge specifically admitted this evidence under the rule espoused by *Watts* v. *State* (1950), 229 Ind. 80, 95 N.E. 2d 570, which held, in substance, that evidence of separate and distinct crimes is admissible to show intent, motive, purpose, identification or a common scheme or plan. In the instant case the jury heard this evidence to show a "behavioral pattern" on the part of Brooks. We note in passing that the jury was not instructed, as they were in *Watts, supra,* as to the purpose of such testimony in a criminal trial.

The so-called Watt's rule is an exception to the general rule that one crime cannot be proved in order to establish another distinct crime. *Hergenrother* v. *State* (1939), 215 Ind. 89, 18 N.E.2d 784; *Loveless* v. *State* (1960), 240 Ind. 534, 166 N.E.2d 864; *Layton* v. *State* (1966), 248 Ind. 52, 221 N.E.2d 881.

We are of the opinion that the questioned testimony was more important for what was not said than what the jury

heard. Brooks was not convicted of any of these alleged criminal acts. None of the acts were identified as to time in relation to the instant act, except to say they occurred prior to the instant case. The record does not make it appear the acts were geographically located in relation to each other, as in *Loveless, supra,* to show a conspiracy. Nor was there a foundation from a time standpoint to show the availability of the res gestae exception. See *Roddy* v. *State* (1970), 254 Ind. 50, 257 N.E.2d 816. Furthermore it appears that for the Watts exception to be available there is a requirement that the intent, motive, etc., must be at issue in the trial of the cause. Our review of the record does not indicate that a behavioral pattern on Brooks' part to be at issue in the criminal acts with which he was charged.

Just as observed in *Layton* and *Loveless, supra,* similar testimony failed to prove anything essential to the case and, in fact, served no other purpose than that of being prejudicial to the jury.

The state argues that subsequent testimony by Brooks made the questioned evidence relevant. See *Bradburn* v. *State* (1971), 256 Ind. 453, 269 N.E.2d 539. We are of the opinion that such is not the case because of the lack of specificity of the evidence in tending to prove any of the essential elements of the crimes with which Brooks was charged.

The cause is reversed and remanded for a new trial.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 296 N.E.2d 894.