**Calvin HENDERSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 1179S333.**

Supreme Court of Indiana.

May 13, 1980.

Charles E. Johnson, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Cindy A. Ellis, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Defendant, Calvin Henderson, was convicted by a jury of robbery, Ind.Code § 35–42–5–1 (Burns 1979 Repl.), and three counts of criminal confinement, Ind.Code § 35–42–3–3 (Burns 1979 Repl.), all of which crimes were class B felonies, and sentenced to twelve years' imprisonment for robbery and ten years' imprisonment for each count of criminal confinement, said sentences to run concurrently. Defendant now appeals raising the following issues:

1. Whether the trial court erred in admitting testimony regarding a prior robbery;

2. Whether the verdict of the jury and judgment of the trial court are contrary to law because they are not supported by sufficient evidence and are the products of improper evidence; and

3. Whether the trial court erred in allowing changes in the charging information.

The facts most favorable to the state follow.

At approximately 9:15 a. m. on January 18, 1979, defendant approached the rear of a Steak and Ale restaurant on the northeast side of Indianapolis, Indiana. He gained entrance to the establishment under the ruse of applying for a job. The manager, Wayne Graff, told defendant to come inside as it was cold outside. As Mr. Graff reached up toward a shelf to get an application, defendant stuck a gun, bluish in color with silver duct tape on the handle, in his back. Defendant told Mr. Graff to summon the other two employees present in the restaurant, Thomas Scott and Tracey Lisenbee, back to the office. After the latter two arrived, defendant ordered Graff to

open the safe, which Graff did as defendant held the cocked handgun on him. Defendant then locked all three individuals in the liquor room. Defendant fled with approximately $650.

## I.

At trial, the state was permitted, over defendant's objection, to call four witnesses who testified as to defendant's involvement in a subsequent unrelated robbery. Defendant claims that evidence of the other robbery was improperly admitted.

The other crime was committed on January 22, 1979. Defendant robbed another Steak and Ale restaurant at approximately 9:30 a. m. He went to the rear entrance of the restaurant asking to apply for a job. After being told to come back later, defendant pulled a silver gun with silver tape on the handle and robbed the restaurant. The gun was later identified by eyewitnesses as the weapon used in both crimes.

█ Evidence of other crimes committed by a defendant, separate and distinct from the instant charge, is generally inadmissible as proof of the guilt of the defendant. *Maldonado v. State,* (1976) 265 Ind. 492, 355 N.E.2d 843; *Cobbs v. State,* (1975) 264 Ind. 60, 338 N.E.2d 632. There are certain exceptions to this general rule. Evidence of prior crimes can be admitted for the purpose of showing intent, motive, purpose, identification or common scheme or plan. *Choctaw v. State,* (1979) Ind., 387 N.E.2d 1305. The state argues that the common scheme or plan exception is applicable in this case.

We have enumerated many exceptions to the general rule.

"Among these · are cases where a crime has certain peculiar characteristics connected with its commission so that it very reasonably identifies the person involved in the commission, as where, for example, a particular type of break-in is involved, or a particular tool used that is identifiable in each case, or where the person involved wears a particular identifying piece of clothing or headgear.

\*     \*     \*     \*     \*     \*

"It is said in these cases that the purpose of the evidence is to identify the defendant where he denies his presence at the scene of the crime." *Loveless v. State,* (1960) 240 Ind. 534, 539, 166 N.E.2d 864, 866–7.

The common scheme exception has been so often applied in sex offense cases that these cases are considered a special category under the rule. *Loveless v. State, supra.* Nevertheless, the exception is still one of general application.

█ Evidence of an · attempted robbery the same night as the charged robbery has been held to be admissible as relevant to identity where that evidence permitted an inference that the defendant was in. control of the vehicle in which stolen goods and instrumentalities of the crime were found. *Feyerchak v. State,* (1978) Ind., 383 N.E.2d 1023. In- *Lockridge v. State,* (1977) Ind. App., 359 N.E.2d 589, evidence of two prior robberies of the same store were held admissible as probative of common scheme and identity:

"As the record reveals, the circumstances surrounding all three robberies are very similar. On all three occasions, the alleged robber, Lockridge, entered the store in the early morning hours; he used the same threatening language when accosting Miss Adcock; he issued the same orders to Miss Adcock after entering the store; and his appearance and apparel were essentially the same. In addition, the evidence shows that all three encounters occurred within a short span of time." 359 N.E.2d at 593.

In a prosecution for theft of a television from a motel, the trial court admitted evidence of three other motel television thefts closely related in both time and distance in which defendant gave the same incorrect information on motel registration cards. The Court of Appeals affirmed. *Alexander v. State,* (1976) 167 Ind.App. 688, 340 N.E.2d 366. Testimony regarding a defendant's consistent methods in fifteen prior burglaries has also been held admissible. *Dorsey v. State,* (1976) Ind.App., 357 N.E.2d 280.

The January 18 and January 22 robberies in this case are quite similar. The proximity in time was four days. Both Steak and Ale restaurants have similar floor plans. The robberies took place at 9:15 a. m. and 9:30 a. m. In both instances, defendant went to the rear door pretending to search for employment. Defendant used the same gun in each case. These similarities are "unique and unusual" enough to be relevant in establishing identity. *Bruce v. State*, (1978) Ind., 375 N.E.2d 1042.

Defendant's reliance upon *Layton v. State*, (1966) 248 Ind. 52, 221 N.E.2d 881, and *Riddle v. State*, (1976) 264 Ind. 587, 348 N.E.2d 635, is misplaced. In *Layton*, this Court found "no peculiar characteristic common to each of the offenses." 248 Ind. at 54, 221 N.E.2d at 882. In *Riddle*, we held inadmissible evidence of the defendant's confessions to a prior murder. The only similarity between the two crimes was that both victims were stabbed in the neck.

The similarities between the two robberies in this instance were substantial, unique and unusual. The trial court did not err in admitting testimonial evidence of the January 22, 1979 robbery.

## II.

Defendant raises two grounds for challenging the sufficiency of the evidence. First, he claims that the verdict was the product of improper evidence, i. e., the evidence discussed in issue I *supra*. Since we have determined that the evidence in question was properly admitted, we will discuss only the allegation that the evidence of defendant's identity was insufficient to support the conviction.

■ In reviewing the sufficiency of the evidence, we are constrained to consider the evidence which is most favorable to the state together with all reasonable and logical inferences to be drawn therefrom. Where there is substantial evidence of probative value supporting the jury's verdict, the conviction will not be set aside. *Henderson v. State*, (1976) 264 Ind. 334, 343 N.E.2d 776. The Supreme Court will not judge the credibility of witnesses nor weigh the evidence. *Wofford v. State*, (1979) Ind., 394 N.E.2d 100.

Wayne Graff, the manager of the restaurant, testified that he was shown approximately 200 pictures by the police on the day of the crime. He did not recognize any of the individuals in those pictures. Defendant's picture was not among that group of pictures. On February 28, 1979, Carl Parks, a detective with the Indianapolis Police Department, showed Mr. Graff a packet of twelve pictures, and Graff picked out defendant's picture. However, on June 15, 1979, at a lineup which included defendant, Graff picked out an individual other than defendant. Thomas Scott was also shown several pictures on the day of the crime. He picked out two possibilities, but indicated that he was not sure that either was the robber. Scott viewed the same lineup as did Wayne Graff and identified defendant.

■ Both of these witnesses unequivocally identified defendant at trial. Both testified that there was ample lighting at the scene of the crime. Graff indicated that he spoke with defendant and had the opportunity to observe him for approximately ten minutes. Scott testified that he observed defendant for approximately three minutes at a distance of about two feet. Regarding the lineup at which he identified another individual, Graff said that defendant's hair was shorter and he had less facial hair at the time of the lineup than at the time of the crime. Regarding the two photographs which he singled out on the day of the crime, Thomas Scott said, "I didn't pick either of them out as the man at all."

Defense counsel pursued the above inconsistencies on cross-examination.

> "Under the restriction of our rules governing the appellate review of sufficiency questions, we are unable to say that the presence of these inconsistencies and weaknesses in the testimony rendered the evidence insufficient to convict. They were matters to be considered by the jury." *Hollonquest v. State*, (1979) Ind., 398 N.E.2d 655, 658.

### III.

Defendant contends that the trial court erred in permitting the state to amend the information charging defendant with robbery and confinement.

The original information was filed on June 19, 1979. On June 20, defendant appeared in court, waived arraignment and pleaded not guilty. The cause was set for a July 30, 1979 trial. On July 26, the prosecuting attorney filed a motion to amend the information, changing the spelling of one victim's name from "Squatt" to "Scott" and, with regard to victim Tracey Lisenbee, changing the third person singular possessive from "her" to "his." Defense counsel was out of town and did not learn of the changes until the morning of trial.

Amendments to charging instruments are governed by Ind.Code § 35–3.1–1–5 (Burns 1979 Repl.), which provides in relevant part:

"(a) An indictment or information which charges the commission of an offense shall not be dismissed but may be amended on motion by the prosecutor at any time because of any immaterial defect, including:

"(1) Any miswriting, misspelling, or grammatical error;

\*    \*    \*    \*    \*    \*

"(9) Any other defect which does not prejudice the substantial rights of the defendant.

\*    \*    \*    \*    \*    \*

"(c) Upon motion of the prosecutor the court may at any time before, during, or after the trial permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant.

"(d) Before amendment of any indictment or information other than amendment as provided in subsection (b) of this section, the court shall give all parties adequate notice of the intended amendment and an opportunity to be heard. Upon permitting such amendment, the court shall, upon motion by the defendant, order any adjournment or postponement of the proceedings which may, by reason of such amendment, be necessary to accord the defendant adequate opportunity to prepare his defense.

"(e) Notwithstanding any other provision in this section, an indictment or information shall not be amended in any respect which changes the theory or theories of the prosecution as originally stated, or changes the identity of the offense charged; nor may an indictment or information be amended after arraignment for the purpose of curing a failure to charge or state an offense or legal insufficiency of the factual allegations."

The instant changes were of the misspelling and grammatical error variety outlined in subsection (a)(1) of the above-quoted statute. The name "Tracey" (as it appears in the transcript of evidence) or "Traci" (as it appears in the information) gives rise to the "his/her" confusion. (Defendant raises no allegation of error with regard to discrepancies in the spellings of Tracey/Traci Lisenbee's name.)

Defendant alleges that:

"it is clear that the changes made here were substantial since it has been specifically held that a change of name in affidavit for perjury was one of substance."

In support of this statement, defendant cites *State ex rel. Kaufman v. Gould*, (1951) 229 Ind. 288, 98 N.E.2d 184. However, the *Kaufman* case involved an affidavit charging robbery, not perjury. The *Kaufman* case was an original action in which a defendant sought to prohibit a special judge from assuming jurisdiction over the cause because of an amendment to the affidavit changing the name of the owner of the stolen property from Interstate Loan *Company* to Interstate Loan *Corporation*. This Court held that in order to determine whether such a change was one of substance or form, it would be necessary to have the evidence before the Court. A previously issued temporary writ was ordered dissolved. The Court did, however, state the standard for making the substance/form distinction:

"The rule as to whether an amendment is as to substance or form can be stated thus: If the defense under the affidavit as it originally stood would be equally available after the amendment is made, and if any evidence the accused might have would be equally applicable to the affidavit in the one form as in the other, then the amendment is one of form and not of substance." 229 Ind. at 291, 98 N.E.2d at 185.

This standard has been endorsed under our current statute. *Humphrey v. State*, (1978) Ind., 377 N.E.2d 631.

■ Defendant does not argue that the amendments to the information in this case rendered any defense or evidence inapplicable. We find the amendments to be changes of form rather than substance and, therefore, defendant's substantial constitutional rights to be informed of the nature and cause of the accusation against him were not harmed. U.S.Const. Amend. VI.

■ The trial court did err in failing to give notice and hold a hearing on the amendments in this case as provided by Ind.Code § 35–3.1–1–5(d). However, we do not see how defendant could possibly have been harmed thereby given the absence of any indication that the changes had any adverse effect on defendant's rights. Defendant did not ask for a continuance in the trial.

For the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.