**Danny ROUNDS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 983S341.**

Supreme Court of Indiana.

July 18, 1985.

Nick J. Thiros, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., William E. Daily, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of murder, I.C. § 35-42-1-1(2). The case was tried before a jury. Appellant received a forty-five year sentence.

Appellant raises one issue on appeal: (1) whether there is sufficient evidence to support his murder conviction. The Court will not weigh the evidence nor judge the credibility of the witnesses. Rather, we will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom which support the verdict. If there is substantial evidence of probative value which would permit a reasonable trier of fact to find the existence of each element of the offense beyond a reasonable doubt the judgment must be affirmed. *Reed v. State* (1979), 180 Ind.App. 5, 387 N.E.2d 82; *Henderson v. State* (1980), 273 Ind. 334, 403 N.E.2d 1088.

These are the facts supporting the verdict. On October 8, 1982, the victim Willie Hall, and Dorothy Crowder were working at a Shell Service Station. At approximately 5:30 p.m., appellant drove into the station, pumped two dollars worth of gasoline, and left without paying. Thereafter, Crowder told her brother, Michael Williams, what had happened. Williams was a friend of appellant. Consequently, Williams and a few friends brought appellant back to the station. Subsequently, appellant entered the station office and started arguing with the victim Hall. The argument concerned a dollar and a quarter that the victim allegedly owed appellant. Appellant then pulled a gun on the victim however, Williams persuaded him to leave the station office. Appellant walked outside, and then said, "No,

I'm going to kill this punk." Thereafter, appellant walked back into the station office and shot the victim. The victim was pleading for his life right before he was shot. As he was leaving, appellant put the gun up to Crowder's neck, and said, "You don't know me; you haven't seen me." Appellant then told Williams the same thing, using the gun in the same threatening manner. The victim died immediately from a single gunshot wound to the neck. Eyewitnesses Crowder, Abbot and Cunningham identified appellant as the perpetrator at trial.

The evidence is clearly sufficient to support appellant's conviction for murder.

Appellant points to the testimony of his alibi witnesses, the fact that Michael Williams did not testify, that an audit at the station the next day showed a shortage of One Hundred Seventy-four Dollars ($174.00), and that the murder weapon was not found and no effort was made to recover the bullet to match-up to any weapon, as constituting gaping holes in the state's case and indicating an irrational rejection of the alibi. These matters were for consideration of the trier of fact. It would be contrary to our function as a reviewing court, to substitute different inferences for those inferences qualifying as reasonable inferences supporting the verdict.

The conviction is affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.