JACK C. HARRIS *v.* STATE OF INDIANA.

[No. 1269S305. Filed March 12, 1971.]

*Charles W. Vincent,* of Terre Haute, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth M. McDermott,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—Defendant was charged by affidavit with the crime of theft. A trial by jury in the Vigo Circuit Court resulted in a finding of guilty as charged. Defendant was sentenced by Judge H. Ralph Johnston to the Indiana State Prison for a term of not less than one (1) nor more than ten (10) years.

A government retirement check made payable to Eamer N. Liffick, age 82, was delivered to his mail box address on April 1, 1969, but was never received by him. Further evidence introduced at the trial indicates that on April 3, 1969, the defendant rented an apartment from Mrs. Cecil Wilkie and gave her a check payable to Eamer N. Liffick, which her brother cashed for her at a nearby grocery store. After cashing the check, Mrs. Wilkie's brother gave all of the money received to the defendant upon his promise to see Mrs. Wilkie later in the day. Another witness testified that he encountered the defendant under similar circumstances at the Twelve Points Hotel, but that he refused to accept the check since the defendant failed to produce any identification.

Defendant's only contention on this appeal is that he was denied a fair trial because the State was allowed to introduce evidence through its witness, John Halter, that tended to establish the fact that the defendant had a previous criminal record. The totality of the testimony of John Halter is as follows:

"Q. What is your name?
A. John Halter.
Q. Where do you live?
A. Terre Haute, Indiana.
Q. Occupation, Mr. Halter?
A. Indiana State Parole Officer.
Q. Do you know both of the gentlemen seated at the Counsel table next to you?
A. Yes, I do.
Q. The gentleman in the red jacket, do you know his name?
A. That's Jack Cleveland Harris.
Q. Do you know his age?
A. Forty-one.
Q. Have you ever known him by the name of Eamer Liffick?
A. No, I have never heard him called that name.
Q. Have you ever seen the defendant dressed wearing cowboy boots before?
A. I've seen him wearing a boot that resembles a cowboy boot.
Q. How about a denim jacket?
A. I have also seen him wearing a denim jacket."

We agree with the general principle that normally evidence that the defendant was involved in other criminal prosecutions or crimes is not admissible in a criminal prosecution against such defendant. *Fulmer* v. *State* (1967), 249 Ind. 261, 230 N. E. 2d 307. There are certain exceptions with which we are not concernd here.

However, in this case, the witness does not connect the defendant with any previous crimes. It is only the inference which the defendant seeks to draw from the fact that a certain witness was called who was a parole officer. We

know of no law which prohibits or makes incompetent a parole officer or other law enforcement officer from taking the stand for the purpose of identification of a defendant, as long as that evidence is relevant. Certainly the fact that the defendant was known by another name under which he was charged, and that he was using an assumed name, is competent evidence, as well as his mannerisms or dress. To hold that a law enforcement officer, since he happens to know the defendant in prison or otherwise, is an incompetent witness because of inferences that might be drawn therefrom, would handicap the State in criminal prosecutions. It would certainly favor the man with a high amount of criminal activity and would make practically impossible the prosecution of crimes that occurred inside prison walls. "All evidence is relevant which throws or tends to throw any light on the guilt or innocence of the defendant . . ." *Wilson* v. *State* (1966), 247 Ind. 680, 684, 221 N. E. 2d 347, 349.

The testimony of John Halter was both relevant and material to the case being tried. He not only testified as to the age of the defendant, but also as to the type of clothing the defendant usually wore. He further testified that he knew the defendant by the name under which he was charged, rather than the name he assumed in the alleged crime. We find no grounds for making him an incompetent witness.

The judgment is affirmed.

Givan, Prentice and Hunter, JJ., concur; DeBruler, J., dissents.

NOTE.—Reported in 267 N. E. 2d 391.