**Sidney JONES, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 682S224.**

Supreme Court of Indiana.

Jan. 20, 1983.

William L. Soards, Soards & Carroll, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., James W. Turpen, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Judge.

Appellant was convicted of attempted robbery and resisting law enforcement. He was sentenced to a twenty (20) year term of imprisonment.

Appellant's sole claim on appeal is the evidence is insufficient to support the convictions. He argues the State failed to establish the element of intent to commit the offenses charged. Under our standard of review, we will not weigh the evidence nor judge the credibility of witnesses. *Williams v. State,* (1980) Ind., 406 N.E.2d 241.

The record reveals the victim felt a pull on her purse as she exited a tavern. When she resisted, she was kicked and pushed to the ground. She suffered a stab wound in the abdomen which required eight butterfly stitches. The blade of a box cutting knife was recovered from a calculator case the victim carried. The victim's testimony was corroborated by her sister. After fleeing the scene, appellant was quickly apprehended by the police. The handle of the box cutting knife was in his possession. He was ordered by police officers to stand by a patrol car. However, he attempted to escape. His attempt was foiled by police dogs.

Appellant maintains he made "a plausible explanation as to what occurred and that the victim misinterpreted his actions." Appellant is inviting this Court to reweigh the conflicting testimony presented to the trier of fact. When the evidence is in conflict, the jury may believe whomever they wish. *Duvall v. State,* (1981) Ind., 415 N.E.2d 718.

Intent to commit a felony may be inferred from circumstances surrounding an incident. *Duncan v. State,* (1980) Ind., 409 N.E.2d 597. The factual recitation above supports an inference of intent to commit robbery and resist law enforcement. The convictions are amply supported by sufficient evidence.

The trial court is in all things affirmed.

All Justices concur.