Lee Thomas LYNK, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 1183S408.

Supreme Court of Indiana.

June 28, 1985.

Michael W. Bosch, Bamber, Stodola & Bosch, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Petitioner (Appellant) appeals following the denial of his petition for post-conviction relief, which claimed that newly-discovered evidence entitled him to a new trial. We restate Petitioner's various contentions as the following single issue:

Whether the post-conviction court's determination denying the petition for post-conviction relief was contrary to law.

In 1975 Petitioner and Johnny Lee May (May) were convicted of First Degree Murder in the shooting death of a clerk during a robbery at a Hammond motel. Their accomplice, Ervin Hall (Hall) waited outside during the robbery. Shortly after the crime May and Petitioner told Hall's sister that they had robbed a motel and that they had killed a clerk. After they were arrested May and Petitioner admitted that they had committed the crime.

Hall agreed to and did testify for the State, and his testimony was pivotal in procuring the convictions. May and Petitioner were sentenced to life imprisonment.

In 1977 Petitioner filed a petition for post-conviction relief. The petition was granted and a new trial ordered in 1978, but Petitioner again was convicted and sentenced to life imprisonment. The second conviction was affirmed by this Court. *Lynk v. State* (1979), 271 Ind. 445, 393 N.E.2d 751. Although Hall initially equivocated when he testified at the second trial, he ultimately corroborated his prior testimony linking Petitioner to the robbery and murder.

Subsequently, May also filed a petition for post-conviction relief, which was granted. During his second trial, Hall refused to testify concerning the crime, and May was found not guilty.

Meanwhile, between 1975 and 1981 Hall himself was convicted of various felonies and found to be an habitual offender. In 1981, he executed an affidavit recanting his prior testimony and asserting that he had not been in the company of either May or Petitioner when the robbery occurred. Based upon this affidavit, Petitioner filed the instant post-conviction relief petition, asserting that Hall's affidavit was newly-discovered evidence entitling him to yet another trial.

The trial court below held a hearing on the petition, at which both Hall and May testified. May, then incarcerated for another robbery, simply testified he had not been with Hall or Petitioner on the evening of the robbery and murder. May did *not* testify that Petitioner had not been involved in the crime. Hall testified that his prior testimony was false and had been coerced from him by Hammond police officers.

The trial court determined that May's and Hall's testimony was not worthy of credit, and, at any rate, probably would not lead to a different result if introduced in a new trial.

 The P.C.R. 1 procedure is a quasi-civil action. The petitioner has the burden of proof and must establish entitlement to relief by a preponderance of the evidence. P.C.R. 1, § 5. The judge who presides at the post-conviction hearing is the fact finder and determines the weight of the evidence and the credibility of the witnesses. Thus, a petitioner who challenges an adverse determination appeals from a negative judgment, which will not be set aside unless the evidence is without conflict and leads only to a result different from that reached by the trial court. *See, Metcalf v. State* (1983), Ind., 451 N.E.2d 321, 323; *Davis v. State* (1983), Ind., 446 N.E.2d 1317, 1319–20.

The post-conviction trial court, in addition to finding that neither May nor Hall was creditworthy, considered the probable effect of their revised testimony in a third trial of Petitioner and concluded that it was unlikely to produce a result different than that of the second trial. Although we agree, it was not necessary for him to make that consideration, and we decline to review and analyze Petitioner's argument to the contrary. The burden of proof upon the post-conviction petition was upon Petitioner. His claim depended upon the truth of the facts alleged. His only evidence was the testimony of his witnesses, May and Hall, and the trial court did not believe either of them. Additionally, evidence was presented by the State that disclosed that Petitioner did not sustain his burden of proof.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER and PIVARNIK, JJ., concur.

HUNTER, J., not participating.