**Sidney JONES, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 785S282.

Supreme Court of Indiana.

July 21, 1986.

Susan K. Carpenter, Public Defender, Jo Ann Farnsworth, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Sidney Jones was convicted after a bench trial of attempted robbery, a class A felony, Ind.Code § 35–42–5–1, 35–41–5–1 (Burns 1985 Repl.). He was sentenced to a term of imprisonment of twenty years. This Court affirmed. *Jones v. State* (1983), Ind., 443 N.E.2d 833. Jones filed a petition for post-conviction relief, claiming he was denied effective assistance of counsel at trial and on appeal. He now appeals the denial of that petition. We affirm.

Jones bore the burden of proving his allegations by a preponderance of the evidence. The trial court was the sole judge of the weight and the credibility of the evidence. We will not reverse unless the evidence leads only to a conclusion contrary to the judgment. *Young v. State* (1984), Ind., 470 N.E.2d 70.

Jones' specific claims of ineffectiveness of trial counsel relate to his lawyer's absence at a pre-trial line-up, his alleged failure to discuss with Jones his defense to the

charges, and his failure to subpoena certain witnesses. Appellate counsel was ineffective because, Jones claims, he did not consult with him about the issues raised on direct appeal.

 Judicial scrutiny of an attorney's performance is highly deferential. The standard for counsel's performance is that of reasonably effective assistance. To prevail on his claim, appellant must show, first, that his attorney's performance was deficient, and, second, that the defense was prejudiced by the deficient performance. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

### I. Counsel's Absence at Line-up

Jones cannot show that any error occurred or prejudice resulted from his attorney's absence at the pre-trial line-up during which the victim identified Jones as the perpetrator. He has not suggested that any improper line-up procedures were employed. The line-up evidence was only cumulative since the victim had made a positive on-the-scene identification. In any case, identification was not an issue at trial because Jones admitted his presence. His defense was that he had accidentally knocked down and stabbed the victim.

### II. Counsel's Alleged Failure to Discuss the Case with Jones

Jones testified at the hearing on post-conviction relief that his attorney would not discuss Jones' defenses with him, and that his only interest was in convincing Jones to accept the State's proposed plea agreement. First, the court was not required to adopt Jones' version of counsel's performance. A certified copy of the trial transcript was also before the post-conviction court as a part of the evidence on counsel's performance. Second, one does not prove ineffective assistance of counsel simply by showing insufficient consultation. *Taylor v. State* (1982), Ind., 442 N.E.2d 1087. Even if Jones' allegation of inadequate consultation had merit, he has not shown that any prejudice resulted.

### III. Counsel's Alleged Failure to Subpoena Witnesses

Counsel's decisions regarding whom to call as a witness are matters of strategy which this Court will not second-guess unless it appears clearly that the choices fell below objective professional standards. Jones has not shown the nature of the testimony which could have been elicited from the absent witnesses and, thus, he has failed to prove that the defense suffered by their absence.

### IV. Appellate Counsel's Alleged Failure to Discuss Issues

Finally, Jones has not shown in what way appellate counsel could have more effectively represented him. He does not claim error occurred at trial which should have been raised for review. The strength of the State's case, combined with Jones' implausible explanation of the victim's ordeal, left little to pursue on appeal.

Jones did not carry his burden of proof. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.