**Roger POWERS, Appellant**
**(Petitioner Below),**

v.

**STATE of Indiana, Appellee**
**(Respondent Below).**

No. 4–1185A325.

Court of Appeals of Indiana, Fourth District.

Oct. 6, 1986.

Rehearing Denied Nov. 20, 1986.

Susan K. Carpenter, Public Defender, Novella L. Nedeff, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Presiding Judge.

Petitioner-Appellant Roger Powers (Powers) appeals the trial court's denial of permission to file a Belated Motion to Correct Errors in a post-conviction relief proceeding.

We affirm.

ISSUES

This appeal presents the following issues:

1. whether the post-conviction court erred by denying Powers permission to file a Belated Motion to Correct Errors after he voluntarily missed the deadline for filing because of his counsel's allegedly incomplete legal advice, and

2. whether he was denied due process by the trial court's denial of permission to file his Belated Motion to Correct Errors.

FACTS

In 1977, Powers pled guilty to the offense of dealing in a controlled substance. He was given a suspended sentence of five years in March, 1977. His suspended sentence was later revoked and the sentence ordered executed in January, 1979.[1]

On July 19, 1984, Powers, by counsel, filed a petition for post-conviction relief claiming he had not been advised of the possibility of receiving an enhanced sentence because of prior convictions at the time he pled guilty to the original charge. A hearing was later held in January, 1985. The trial court entered its judgment denying Powers relief on January 21, 1985.

---

1. Powers subsequently escaped from prison. However, he had served the sentence imposed by the Fountain Circuit Court for this offense prior to the time he escaped.

On June 27, 1985, ninety-seven days after the last day for filing a Motion to Correct Errors in his post-conviction relief proceeding, Powers filed a Petition for Permission to File a Belated Motion to Correct Errors, accompanied by an affidavit from his former counsel. The affidavit stated Powers intended to file a Motion to Correct Errors if his petition for post-conviction relief was denied. However, Powers changed his mind about pursuing his appeal when his former counsel advised him by telephone "he could be re-arrested and jailed pending trial should his Motion to Correct Errors be granted and his conviction be set aside." He told her he had not realized he could spend more time in jail and did not want to be rearrested. (R. 89)

The post-conviction court denied Powers permission to file a Belated Motion to Correct Errors, and this appeal results.[2]

## I.

*Incomplete Legal Advice No Excuse*

## DISCUSSION AND DECISION

First, Powers argues his decision not to timely file his motion to correct errors was not knowingly, voluntarily, and intelligently made because

(a) he had already served his time for that charge, and could not have received a greater sentence if found guilty after re-trial,[3]

(b) he did not know the trial judge would have set low bail or released Powers on his own recognizance pending retrial,[4] and

(c) his former counsel did not so advise him.

Thus, he opines, he was denied the effective assistance of counsel as guaranteed by the Sixth Amendment. In support of that argument, he cites us to two cases, generally and without any precise exposition as to how they apply to the issue he raises, *Langley v. State* (1971), 256 Ind. 199, 211, 267 N.E.2d 538, 545 and *Williams v. Duckworth* (7th Cir.1983) 724 F.2d 1439, 1443.

Neither case discusses this issue. *Langley* merely holds an issue of ineffective assistance of counsel must be presented at the first opportunity a defendant is afforded to raise it or it is waived. Here, Powers has presented that issue at his first opportunity. Thus, *Langley* is of no help to us. *Williams* merely states if waiver of issues in a defendant's direct appeal is raised in a post-conviction proceeding, that issue "implicitly alleges incompetent representation on the part of appellate counsel[,]" under Indiana law. *Cf. Greer v. State* (1975), 262 Ind. 622, 321 N.E.2d 842. Powers, however, fails to make cogent argument as to how his former counsel's failure to inform

---

**2.** The parties to this appeal stipulate, and this court agrees, Powers's Motion to Correct Errors addressed to the post-conviction court's denial of his petition to file belated appeal was timely filed. It was sent to the court by certified mail, return receipt requested, on the last day for filing that pleading. Thus, its filing was timely. *Cf.* Ind. Rules of Procedure, Trial Rule 5(E)(2) and (3). Because all procedural steps were timely, we address the merits of this appeal.

**3.** Ind. Rules of Procedure, Post-Conviction Rule 1, Sec. 10(b) as then written, provided

    \*    \*    \*    \*    \*    \*

(b) If a sentence has been set aside pursuant to this Rule and the successful petitioner is to be resentenced, then *the sentencing court shall not impose a more severe penalty than that originally imposed,* and the court shall give credit for time served. (Emphasis supplied).

We note in passing, however, section 10 has been substantially amended. Now, effective as of January 1, 1986, a sentence may be substantially enhanced on re-trial when the trial court's reasons for such enhancement are based upon "identifiable conduct on the part of the petitioner that occurred after the imposition of the original sentence," and certain cases involving plea agreements.

**4.** IND. CODE 35-33-8-4(b)(7) says

    \*    \*    \*    \*    \*    \*

(b) Bail may not be set higher than that amount reasonably required to assure the defendant's appearance in court. In setting and accepting an amount of bail, the judicial officer *shall* take into account all facts relevant to the risk of nonappearance, including:

    \*    \*    \*    \*    \*    \*

(7) The nature and gravity of the offense and *the potential penalty faced,* insofar as these factors are relevant to the risk of nonappearance; ... (Emphasis supplied).

him as to his low or nonexistent bail prospects pending re-trial constitute a denial of his Sixth Amendment guarantee of counsel, nor does he cite cogent authority announcing such a proposition. Thus, Powers's briefing fails to comply with the mandate of Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).[5]

However, we will discuss this issue on its merits.

The chain of events leading up to Powers's decision not to appeal is recited in his former counsel's affidavit. She testified

\* \* \* \* \* \*

3. I represented Mr. Powers at the post-conviction hearing held on January 18, 1985, after which the court denied his Petition [on January 21, 1985].

4. On February 4, 1985, I received a telephone call from Mr. Powers, who informed me of his current mailing address and stated his desire to appeal the denial of his Petition.

5. On February 22, 1985, I wrote the first draft of the Motion to Correct Errors which was due to be filed on March 22, 1985.

6. On March 14, 1985, I telephoned Mr. Powers and informed him for the first time that he could be re-arrested and jailed pending trial should his Motion to Correct Errors be granted and his conviction set aside. I failed to inform Mr. Powers that if he were re-arrested, he could be let to bail and his bond would most likely be set low, or he might be released on his own recognizance, because he had already served his time for this conviction.

7. Mr. Powers told me he had not realized he could spend more time in jail and he did not want to pursue the appeal if he could be re-arrested. Therefore, I did not file on his behalf a timely Motion to Correct Errors.

8. I believe Mr. Powers wanted to appeal but gave up his appeal rights solely because I told him he would be re-arrested and jailed pending re-trial and because my advice to him was incomplete.

(R. 89–90).

Distilled to its essence, Powers's argument is his decision was not "intelligently" made; his former counsel's incomplete legal advice on that subject amounted to denial of his right to the effective assistance of counsel. This argument is without merit under the facts here presented.

a. *Powers's Waiver of His Right to Appeal Was Knowing, Voluntary, and Intelligent.*

Powers's decision not to timely file the Motion to Correct Errors his former counsel had prepared was not based upon any lack of, erroneous, or misleading legal advice concerning his right to appeal or the procedures and time constraints necessary to be met to preserve his right. At the time Powers made his decision, he knew

a) he had a right to appeal,

b) timely filing of a Motion to Correct Errors was critical to the preservation of that right, and

c) he was represented by competent counsel who was prepared to timely file the motion and pursue his appeal.

Clearly, Powers had all the information pertinent to his right of appeal. Thus, his decision not to timely file the Motion to Correct Errors was "intelligently" made. Further, even if we assume *arguendo* Powers's decision would have been otherwise had he been informed of his right to bail pending re-trial and the likelihood bail would be low or nonexistent, his former counsel's failure to so advise him still does not present a viable Sixth Amendment issue warranting reversal.

5. That section provides in part
* * * The argument shall contain the contentions of the appellant with respect to the issues presented, the reasons in support of the contentions along with citations to the author-

ities, ... relied upon, and a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review.

The standard for determining whether a defendant's Sixth Amendment right to counsel has been served in a particular case is whether he has had the benefit of reasonably effective assistance of counsel. To prevail on such a claim, a defendant must show first, his attorney's performance was deficient, and, second, his defense was prejudiced by that deficient performance. *Jones v. State* (1986), Ind., 495 N.E.2d 532, 534. One does not prove ineffective assistance of counsel simply by showing insufficient consultation. *Jones*, 495 N.E.2d at 534; *Taylor v. State* (1982), Ind., 442 N.E.2d 1087, 1090–1091.

There is a presumption counsel is competent. Strong and convincing evidence must be presented to rebut that presumption. An appellant is entitled to reversal on that ground only where "the proceedings were reduced to a mockery of justice, shocking the conscience of the reviewing court." *Taylor*, 442 N.E.2d at 1090; *Hollon v. State* (1980), Ind., 398 N.E.2d 1273, 1277.

Recently, Justice O'Connor, discussing the fair trial vis-a-vis an accused's counsel's role therein, said

[A] fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding. The right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the "ample opportunity to meet the case of the prosecution" to which they are entitled. (citing cases)

\* \* \* \* \* \*

The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results. An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair. \* \* \* In giving meaning to the requirement, however, we must take its purpose—to ensure a fair trial—as the guide. *The benchmark* for judging any claim of ineffectiveness must be *whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.* (Emphasis supplied).

*Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 2063–2064, 80 L.Ed.2d 674. In a case decided the same day as *Strickland*, Justice Stevens said

Thus, the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such. If counsel is a reasonably effective advocate, he meets constitutional standards irrespective of his client's evaluation of his performance. (Citing cases).

*United States v. Cronic* (1984), 466 U.S. 648, 104 S.Ct. 2039, 2046, note 21, 80 L.Ed.2d 657.

We believe the principles announced in *Strickland* and *Cronic* as to trial counsel's effectiveness apply with equal force to appellate counsel in direct appeals or post-conviction proceedings related to criminal matters. Thus, the inquiry in such cases must be whether appellate counsel's conduct so undermined the proper functioning of the adversarial appellate process as to render the result unjust. In other words, has counsel's conduct during the appellate process reduced the proceedings to "a mockery of justice," sufficient to shock the conscience of the reviewing court? *Taylor* and *Hollon, supra.*

Powers was fully advised on the essential information regarding his right to appeal, as discussed above. Essentially, Powers complains about matters involving his personal comfort pending re-trial, not matters essentially affecting his appellate rights. At the trial level, isolated poor strategy, bad tactics, or inexperience does not necessarily amount to ineffective assistance of counsel. *Mato v. State* (1985), Ind., 478 N.E.2d 57, 60. A reasonable ex-

trapolation of that principle is appellate counsel's failure to inform a defendant of matters not essentially involving the appellate process or his right to appeal does not necessarily amount to ineffective assistance of appellate counsel. The facts do not shock our conscience.

We find no error here.

## II.

### Due Process Requirements Met

Powers also contends the denial of his petition to file a Belated Motion to Correct Errors violates his due process right to challenge his drug dealing conviction, later used as a basis for his conviction as a habitual offender.

■ The elements of due process are (a) reasonable notice, (b) an opportunity for a fair hearing, and (c) the right to have a court of competent jurisdiction hear one's cause. *McKee v. Hasler* (1951), 229 Ind. 437, 98 N.E.2d 657, 668. All these requirements have been met with respect to Powers. He filed a Petition for Post-Conviction Relief. A hearing was held on his petition. Powers and his counsel were present. They presented their issues and evidence to the post-conviction court and the Court entered judgment adverse to Powers.

■ All that is required of the trial court in post-conviction relief proceedings is for the court to make specific findings of fact and conclusions of law on the issues presented, whether or not a hearing is held. P.C. Rule 1, Sec. 6. This requirement is to enable the appellate court to dispose of the issues on appeal. See *Taylor v. State* (1985), Ind., 472 N.E.2d at 892. It did so.

■ Finally, Powers had the right to appeal. He voluntarily chose not to exercise that right, as discussed above. All due process requirements have been met in this case. The trial court acted within its lawful authority and discretion when it denied Powers's motion for post-conviction relief and his motion for permission to file a Belated Motion to Correct Errors. Pow-

ers's right to due process was not violated by the trial court's judgment.

We find no error.

Affirmed.

MILLER and YOUNG, JJ., concur.