Kenneth FULMER, Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 49S00–8605–PC–00418.

Supreme Court of Indiana.

June 2, 1988.

Susan K. Carpenter, Public Defender, Jo Ann Farnsworth, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Petitioner Kenneth Fulmer was convicted in 1964 of second degree Murder. He was sentenced to life imprisonment. Fulmer appealed his conviction to this court, and his conviction was affirmed in 1967. *Fulmer v. State* (1967), 249 Ind. 261, 230 N.E. 2d 307. On November 25, 1974, Fulmer filed, *pro se,* the Petition for Post–Conviction Relief, presented in this appeal. There followed intermittent procedural matters for a number of years, during which time Fulmer acted *pro se* and stated he attempted to get the Public Defender's office to aid him in his cause. Fulmer asked for and received many continuances throughout these years in the progress of his case. The Deputy Public Defender testified at the post-conviction hearing there was a problem in the Public Defender's office during that time and some of the delay may have been occasioned by bureaucratic mishandling of the many cases the Public Defender dealt with. In 1985, the Public Defender's office entered an appearance in the cause and amended the post-conviction relief petition to its present form. The trial court heard the evidence in 1985 and denied Fulmer's petition.

Fulmer raises four issues in this direct appeal.

1. error in finding him guilty of laches in bringing his post-conviction relief action;

2. error in admitting certain instructions;

3. improper admission of his confession; and

4. ineffective assistance of counsel.

In petitioning for post-conviction relief, Fulmer bears the burden of proving his allegations by a preponderance of the evidence. The trial judge is the sole judge of the weight and credibility of the evidence and this court will not reverse unless the evidence leads only to a conclusion contrary to the judgment. *Jones v. State* (1986), Ind., 495 N.E.2d 532, 533.

I

The trial court did find Fulmer guilty of *laches* and supported the judgment by findings of fact from the evidence. Fulmer had filed his own petition in 1974 and was active in procedural matters for all of the eleven (11) years until 1985 so his claim he lacked knowledge of the remedy is unpersuasive. Furthermore, the State presented substantial evidence to show that

after more than twenty (20) years passed it was unable to present the case. However, since the court did consider the other issues raised on the merits, we also will consider them. *Blackburn v. State* (1988) Ind., 519 N.E.2d 554, 555.

## II

[2, 3] Fulmer claims the trial court committed reversible error by giving instructions No. 39 and No. 40. Both of them refer to the defense of insanity. Instruction No. 39 reads as follows:

The law presumes that a man is of sound mind until there is some evidence to the contrary. In prosecutions for offense against the law, an accused is entitled to an acquittal if the evidence engenders a reasonable doubt as to his mental capacity at the time of the alleged offense is charged to have been committed. (sic) Evidence rebutting or tending to rebut the presumption of sanity need not, to entitle the defendant to an acquittal, preponderate in favor of the accused. It will be sufficient if, when considered in connection with all of the evidence introduced in the case, it raises in your minds a reasonable doubt.

Instruction # 40 reads as follows:

The court further instructs you that the defense of insanity is one which should be carefully considered by the Jury. The evidence to this point should be carefully considered and weighed by the jury for the reason that if the accused was in truth insane at the time of the commission of the alleged acts, then he ought not to be punished for such acts. The evidence on this question of insanity ought to be carefully considered by the jury for another reason, and that is because a due regard for the ends of justice and the peace and welfare of society demands it,—to the end that parties charged with crime may not make use of the plea of insanity as a means to defeat the ends of justice and as a shield to protect them from criminal responsibility in case of violation of law.

No objection was made to the giving of Instruction No. 39 at trial nor was any question raised in the original appeal. Therefore, Fulmer has waived the issue. Further, this instruction was considered proper when it was given in 1964 and was not found to be improper until 1972, when this court decided *Young v. State* (1972) 258 Ind. 246, 280 N.E.2d 595. In the case of Instruction No. 40, Fulmer did object to the giving of this instruction and his objection was overruled. Again, no question was raised as to the propriety of this instruction in the direct appeal to this court. Instruction No. 40 was also considered to be a correct statement of the law from 1964 until 1972 when this court disapproved it in *Dipert v. State* (1972), 259 Ind. 260, 286 N.E.2d 405. In *Berry v. State* (1974), 162 Ind.App. 626, 321 N.E.2d 207, Judge Staton found, in a very well reasoned opinion, that the disapproval of the text of Instruction No. 40 was not retroactive. In light of all these circumstances, we find no reversible error in the giving of either of the instructions.

## III

■ Fulmer claims his confession was improperly admitted into evidence. The two claims he makes to support this contention are that the police illegally obtained it after he had requested an attorney and that police coerced him into confessing with threats to him and Betty Hanson Bland, his girlfriend who later became his wife. Fulmer claims he and Bland were told she would be sent to Women's Prison and their unborn child would be taken from them after it was born. Interrogating officers denied both those claims. In 1964, the voluntariness standard employed in determining the admissibility of confessions was clearly stated by this court in *Sparks v. State* (1967), 248 Ind. 429, 229 N.E.2d 642, 645–647, as follows:

On the weight of authority it appears that the true test as to the admissibility of a confession is that it be voluntarily made and that in making it the accused was aware of the probable consequences of his act.

One of the early decisions relating to the use of such confessions antedates the

rulings of the U.S. Supreme Court in that field, but enunciates the correct principal of law later followed by that court wherein it has long been held '[t]he law will not suffer a prisoner to be made the deluded instrument of his own conviction.' 2 Hawkins, Pleas of the Crown 595, (8th Ed. 1824).

The question whether a confession was coerced depends upon whether the defendant's will was overborne at the time he confessed, for if such was the case, his confession cannot be deemed the product of a rational intellect and a free will.

' * * * It is true that the police have to interrogate to arrest; it is not true that they may arrest to interrogate. I would hold that any confession obtained by the police while the defendant is under detention is inadmissible, unless there is prompt arraignment and unless the accused is informed of his right to silence and accorded an opportunity to consult counsel.'

*Reck v. Pate* (1961), 367 U.S. 433, 448, 81 S.Ct. 1541, 1550, 6 L.Ed.2d 948, 958.

The true test of the admissibility of a confession is whether it was made freely, voluntarily and without compulsion or inducement of any sort.

We first note that Fulmer did not raise this issue in his original appeal although it was apparent and available to him at that time. However, had he raised it, it is clear there were facts before the trial court that justified finding the statement to be freely and voluntarily given. The advisements required under *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, were not mandated at that time. Officer William Kaiser testified he advised Fulmer he did not have to make a statement since they already had sufficient evidence to charge him with murder. He further told him he did not have to give a statement until he consulted with an attorney. Kaiser stated his partner, Sergeant Chowning advised Fulmer there were two sides to every story and they would like to hear his side. Testimony indicated Fulmer asked to have an opportunity to discuss the situation personally with his girlfriend and they complied with this request. Fulmer and his girlfriend were left alone for some period of time to discuss the matter and Fulmer then stated he was willing to talk to them. All investigating officers denied they made threats to Fulmer or Bland. As we have indicated, in post-conviction proceedings the burden of proof rests with the defendant to establish his grounds for relief by a preponderance of the evidence. *Mato v. State* (1985), Ind., 478 N.E.2d 57, 60; *Lynk v. State* (1985), Ind., 479 N.E.2d 551, 552. The trial court's decision will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. Fulmer's claims regarding threats the police made conflict with the officers' testimony and the trial court therefore had evidence from which it could reasonably determine the confession was admissible. No reversible error is presented.

## IV

 Finally, Fulmer claims he was denied effective trial and appellate counsel. Again, the ineffectiveness of trial counsel issue was not raised on direct appeal and therefore was waived. Even had the issue not been waived, Fulmer fails to present grounds for finding either trial or appellate counsel lacking in competence. In reviewing ineffective assistance, we will be highly deferential to the attorney whose conduct is challenged. The standard for counsel's performance is that of reasonably effective assistance. To prevail on his claim, appellant must show, first, that his attorney's performance was deficient, and second, that the defense was prejudiced by the deficient performance. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Fulmer claims his trial counsel was ineffective and that he failed to object to instructions 39 and 40 which were tendered to the jury, and because he failed to suppress Fulmer's confession. We have already found that instructions 39 and 40 were proper instructions at the time and were not disapproved until several years later. Counsel cannot now be found to have been ineffective for

failing to object to instructions that were considered proper at the time of trial. Furthermore, Fulmer makes no showing whatever as to how giving these instructions prejudiced his defense. The record shows trial counsel did attempt to suppress Fulmer's confession but was overruled. We also cannot find appellate counsel to be ineffective for failing to raise this issue on appeal when the evidence shows Fulmer was advised the confession was to be his voluntary act, that he did not have to speak at all if he did not wish to, and that he had a right to speak with an attorney before doing so. Fulmer chose not to exercise that right and did confess to police. The claim Fulmer and his girlfriend were threatened by police was not substantiated by any other evidence, and all police officers denied making threats. Counsel was not ineffective for deciding it would be fruitless to appeal on those grounds considering all those circumstances.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.