Paul J. McCALLIP, Appellant–
Defendant Below,

v.

STATE of Indiana, Appellee–
Plaintiff Below.

No. 41A04–9106–CR–177.[1]

Court of Appeals of Indiana,
Third District.

Oct. 28, 1991.

John P. Wilson, Wilson & Tandy, Greenwood, for appellant-defendant below.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee-plaintiff below.

STATON, Judge.

Paul J. McCallip appeals his conviction for conspiracy to commit burglary, a Class B felony, raising two issues for our review:

---

1. This case was diverted to this office by order of the Chief Judge.

I. Whether the alibi statute, read in conjunction with caselaw and statutes relating to the State's burden to establish the date of the crime, violated McCallip's constitutional right to due process of law.

II. Whether the evidence was sufficient to support McCallip's conviction.

We affirm.

McCallip was charged with the conspiracy to commit burglary of the residence of Rex Windhorst in rural Johnson County. The evidence most favorable to the judgment reveals that while driving around in the country, McCallip and his two confederates agreed to break into the secluded residence. The individual driving the car dropped McCallip and his accomplice off near the residence, and the two walked to the residence and rang the doorbell. When Windhorst came to the door and turned on the porch light, the two would-be burglars ran. Windhorst called the sheriff and the two were later apprehended near the area.

I.

*Due Process*

McCallip first argues that Indiana caselaw and statutes on the State's burden of proof of the time of the crime violate his constitutional right to due process of law. He concedes that Indiana Code 35–36–4–1 prescribes a time within which a criminal defendant must allege the alibi defense, and concedes as well that Indiana Code 35–34–1–2 requires only a statement of the date of the offense with sufficient particularity to show that the offense was committed within the applicable statute of limitations. He argues, however, that read together, these statutes are unconstitutional, as they permit the State to prove that an offense occurred on a date other than that given in the information after the time to raise an alibi defense has expired, preventing him from raising any possible alibi defense and thereby violating his constitutional right to due process of law. McCal-

lip failed to raise this issue at trial; he argues on appeal that it is fundamental error requiring reversal.

We note initially that McCallip did not invoke the alibi statute by filing a notice of alibi. Thus, as time of the crime was not of the essence and the statement of the date in the information here, "on or about the 18th day of January, 1990," complied with Indiana Code 35–34–1–2. *See Brown v. State* (1980), Ind.App., 403 N.E.2d 901, 916, *transfer denied.* Further, since McCallip did not attempt to raise the alibi defense by filing a notice of alibi at any stage of the proceedings in the trial court, we have some reservations about his ability to raise this issue on appeal.

 Notwithstanding our reservations, McCallip's argument has no merit. Due process requires 1) reasonable notice, 2) an opportunity for fair hearing, and 3) the right to have a court of competent jurisdiction hear one's cause. *Powers v. State* (1986), Ind.App., 498 N.E.2d 981, 986, *transfer denied.* None of these principles are violated by the statutes challenged. A statement in the information that the offense was committed "on or about the 18th of January, 1990" sufficiently apprises the defendant for alibi purposes that he is being tried for an offense occurring around that date. If the defendant then timely files a notice of alibi, the prosecutor is required to file a specific statement containing the date the defendant was alleged to have committed the crime. IC 35–36–4–2(a)(1). The defendant may then file a second statement if the dates do not match. IC 35–36–4–2(c). This provides an adequate procedure by which the defendant may raise an alibi defense.[2]

That no due process violation occurred in this case is clear from the facts. As noted above, McCallip filed no alibi notice. Moreover, a police officer and one of McCallip's confederates both testified that the events occurred on the evening of January 18, 1990. Finally, McCallip did not try to establish that he was not in the vicinity of the

---

**2.** In *Bowen v. State,* (1975), 263 Ind. 558, 334 N.E.2d 691, 696, our supreme court held that an earlier version of the alibi statute, similarly re- quiring notice of alibi from the defendant and placing reciprocal burdens upon the state, did not violate a defendant's due process rights.

crime on the night in question. Rather, he freely admitted being there (he was in fact arrested on the road abutting Windhorst's residence), but testified that he knocked on the door to see if he could use a phone.

## II.

### *Sufficiency of the Evidence*

In his challenge to the sufficiency of the evidence, McCallip points to a number of "discrepancies in the State's evidence" which he argues mandate reversal. He overlooks our standard of review when the sufficiency of the evidence is challenged. In reviewing the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. We look to the evidence most favorable to the State, along with all reasonable inferences to be drawn therefrom, to see if there is substantial evidence of probative value to support the verdict. *Clark v. State* (1990), Ind., 562 N.E.2d 11, 16. McCallip's contentions on this issue are no more than an invitation to reweigh the evidence.

McCallip testified that he and another friend were dropped off by a third individual near the Windhorst residence. McCallip was wearing a dark jumpsuit with rubber gloves and a flashlight in the pockets. His confederates testified that they had agreed to break into the house to steal objects in the house to "raise some money." McCallip testified that they rang the doorbell to the house, although he testified it was because they wanted to use the phone. His accomplice testified that they rang the doorbell to make sure nobody was home before they started to break in. The evidence was sufficient to support McCallip's conviction for conspiracy to commit burglary.

Affirmed.

HOFFMAN and RUCKER, JJ., concur.